IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWARD J. CAVIN,                      Civ. No. 06-945-AA

       Plaintiff,                   ORDER TO PROCEED
                                      IN FORMA PAUPERIS AND
   v.                               ORDER TO AMEND

OFFICE OF THE MULTNOMAH COUNTY
DISTRICT ATTORNEY, et al.,

       Defendants.
_____

AIKEN, Judge:

    Plaintiff moves to proceed in forma pauperis (filed July 7, 2006). Upon examination of plaintiff's affidavit, the court finds that plaintiff is unable to afford the costs of this action. Accordingly, IT IS ORDERED that the provisional in forma pauperis status given the plaintiff is confirmed. This action may go forward without the payment of fee or costs.

1   - ORDER

Defendants move to dismiss plaintiff's claims on grounds that the complaint fails to: 1) state a valid ground for jurisdiction; 2) meet the relevant pleading standards; or 3) state a cognizable legal theory. In the alternative, defendants request an order requiring plaintiff to make his complaint more definite and certain. I agree that plaintiff's complaint is deficient in several respects.

First, plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8(a), which requires plaintiff to set forth his claim in a <u>short and plain statement</u> showing that he is entitled to relief against any of the named individual defendants. Instead, plaintiff filed a twenty-five page, single-spaced complaint containing allegations wholly unrelated to the named defendants who serve as prosecuting attorneys for Multnomah County. For example, plaintiff includes unnecessary facts and allegations regarding his former girlfriend and several circuit court judges.

Second, plaintiff fails to identify any relevant federal law that allows this court to assume jurisdiction over plaintiff's claims. Although plaintiff alleges diversity jurisdiction, he fails to allege or otherwise plead that he and all of the named defendants are citizens of different states. 28 U.S.C. § 1332(a). Absent diverse citizenship of the parties, this court may assume jurisdiction if plaintiff's claims arise under federal law. 28 U.S.C. § 1331. However, plaintiff relies on federal criminal

statutes that are inapplicable to civil actions, federal statutes and regulations regarding child support enforcement that do not authorize a private cause of action, or vague "Acts" with no specificity as to the federal statute which allows plaintiff to file suit.

Finally, plaintiff's claims involve defendants' actions in prosecuting him for various offenses, and it is well-established that prosecutors are entitled to absolute immunity for "activities 'intimately associated with the judicial phase of the criminal process.'" Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). For example, prosecutors are absolutely immune from liability for the "failure to investigate the accusations against a defendant before filing charges" and "for gathering additional evidence after probable cause is established or criminal proceedings have begun." Id. at 1029-30. Nevertheless, construing plaintiff's *pro se* complaint liberally, it is arguable that plaintiff's claims are based on "investigatory or administrative functions" of the defendants, which afford only qualified immunity. Id. at 1028.

Accordingly, given plaintiff's *pro se* status, I will afford him the opportunity to amend his complaint to clarify the allegations with respect to each individual defendant and identify the federal law on which he relies to file suit.

///

3    - ORDER

CONCLUSION

Defendants' Motion to Dismiss or Alternative Motion to Make More Definite and Certain (doc. 8) is GRANTED IN PART. Plaintiff is HEREBY ORDERED to file an amended complaint **within thirty (30) days from the date of this order.** The amended complaint shall briefly and plainly state the facts supporting plaintiff's cause of action against each named defendant and the federal law that authorizes plaintiff to file suit against them.

Plaintiff is advised that failure to timely file an amended complaint or otherwise comply with the court's order **will result in the dismissal of this proceeding**.

IT IS SO ORDERED.

Dated this 14 day of August, 2006.

*Ann Aiken*
Ann Aiken
United States District Judge